Kevin H. Marino
John A. Boyle
MARINO, TORTORELLA & BOYLE, P.C.
437 Southern Boulevard
Chatham, New Jersey 07928-1488
Tel: (973) 824-9300
Fax: (973) 824-8425
*Attorneys for Plaintiff Thomas Lewis*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THOMAS  LEWIS,

              Plaintiff,

       v.

CITY OF RAHWAY; RAHWAY POLICE
DEPARTMENT; RAHWAY POLICE CHIEF
JOHN RODGER, in his official and individual
capacities; RAHWAY POLICE OFFICERS
JUSTYNA HALAT, SCOTT MALONEY, AND
JOSEPH KOSTICK, in their official and
individual capacities; RAHWAY DETECTIVE
SERGEANT RICHARD LONG, in his official
and individual capacities; RAHWAY
DETECTIVE SHAWN GANLEY, in his official
and individual capacities; RAHWAY POLICE
LIEUTENANT CHARLES SABBA; in his
official and individual capacities; RAHWAY
POLICE CAPTAIN JOSEPH SIMONETTI, in
his official and individual capacities; and JOHN
DOES 3-10, UNKNOWN NAMED
SUPERVISORS, DECISION-MAKERS,
AGENTS OR EMPLOYEES OF CITY OF
RAHWAY, in their official and individual
capacities,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 2:15-cv-08880-JMV-MF

ECF Case

**AMENDED COMPLAINT AND
DEMAND FOR TRIAL BY JURY**

       Plaintiff, Thomas Lewis ("Lewis"), by way of Complaint against Defendants, the City of Rahway;

the Rahway Police Department; John Rodger, the Rahway Chief of Police; Justyna Halat, Scott Maloney,

and Joseph Kostick, Rahway police officers; Richard Long, a Rahway Detective Sergeant; Shawn Ganley, a Rahway Detective; Charles Sabba, a Rahway Police Lieutenant; Joseph Simonetti, a Rahway Police Captain, and John Does 3-10, unknown supervisors, decision-makers, agents or employees of the City of Rahway, all of whom are sued in their official and individual capacities, alleges as follows:

## NATURE AND SUMMARY OF THE ACTION

1.      This is an action for compensatory and punitive damages brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2, to redress Defendants' intentional and malicious acts against Plaintiff, including false arrest, false imprisonment, malicious prosecution, libel *per se*, slander *per se*, false light invasion of privacy, intentional infliction of emotional distress, and conspiracy, all under color of state law and all in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, Article 1, Paragraph 7 of the New Jersey Constitution, and the common law of the State of New Jersey.

2.      The events that give rise to this action began on Sunday evening, December 28, 2014, when Lewis was falsely arrested and imprisoned without probable cause, handcuffed, taken into police custody, transported to Rahway police headquarters, fingerprinted, photographed, booked, and improperly charged with the crime of aggravated assault upon Defendant Justyna Halat, a Rahway police officer ("P.O. Halat"), which charge was later referred to the Union County Prosecutor for presentation to a grand jury. That evening, Defendants issued and disseminated to the news media oral and written statements imputing to Lewis the crime of aggravated assault, resulting in numerous on-line and print media stories repeating that false allegation and causing Lewis immediate and substantial harm.

3.      Defendants well knew that the charge against Lewis was demonstrably false when made, as confirmed by eyewitnesses Defendants interviewed on the evening of December 28, 2014 (and would have been confirmed by additional eyewitnesses Defendants chose not to interview); discussed in recorded

2

conversations between and among some of the Defendants herein before that charge was leveled; and captured on a surveillance video of the interaction between P.O. Halat and Lewis that gave rise to the false charge against him.   Nonetheless, Defendants pressed forward with their malicious prosecution of Plaintiff, exacerbated their wrongdoing by attempting (in at least one instance successfully) to influence and intimidate witnesses to provide incriminating evidence against him, and implored the Union County Prosecutor not to dismiss the charge against him despite compelling evidence that it was unfounded. Defendants did all of this based upon the  personal animus of the Rahway Police Chief, Defendant John Rodger ("Chief Rodger"), toward Lewis, who had routinely rejected the Chief's requests that Lewis approve the hiring of more police to provide security at Rahway High School sporting events, and, as discovery has now revealed, upon (a) the false statement of P.O Halat to Defendant Scott Maloney ("P.O. Maloney") that Lewis had committed the crime of aggravated assault by pushing P.O. Halat in the chest while she was performing her duties as a police officer; (b) the false statement of P.O. Maloney to Defendant Charles Sabba ("Lt. Sabba") that Lewis had assaulted P.O. Halat (which, as P.O. Maloney later admitted, he did not witness occur); and (c) the false statements of Lt. Sabba to Defendant Joseph Simonetti ("Captain Simonetti") and Chief Rodger, captured on tape, that Lewis had assaulted P.O. Halat, which led Captain Simonetti to approve falsely charging Lewis with the second degree offense of aggravated assault.

4.     Defendants' actions resulted in the violation and deprivation of Lewis's rights under the Fourth and Fourteenth Amendments to the United States Constitution, Article 1, Paragraph 7 of the New Jersey Constitution, and the common law of the State of New Jersey, and immediate damage to his reputation and standing in the community.   By letter dated December 30, 2014, the New Jersey Department of Education, Criminal History Review Unit, advised Lewis that it had notified the Clark Township School District, where he is a long-standing school board member, and the Rahway School

3

District, where he is the long-time Athletic Director, that a disqualifying charge was pending against him, and directed that appropriate action be taken against him as required by law.  That letter further advised both school districts that if the pending charge resulted in Lewis's conviction, he would be permanently disqualified from employment as a school board member or trustee in any educational facility under the supervision of the Department of Education.  That Defendants intended by their false and malicious charge against Lewis to cause his disqualification was reflected in statements made by Chief Rodger on the evening of the incident that it would be "the right thing" for the Clark Board of Education to "suspend [Lewis]" immediately.

5.     On January 12, 2015, Lewis appeared pursuant to summons at the Union County Courthouse and was again processed, fingerprinted, and photographed before being brought before a Superior Court Judge for a humiliating public arraignment on the false charge against him.  While in the courthouse to be arraigned that day, Lewis encountered two former students he had taught and coached years earlier at Rahway High School and suffered the embarrassment of those encounters.  At that time, the court set a next appearance date of March 11, 2015.

6.     From the date of his arrest until March 2, 2015, Lewis labored under the weight of a pending complaint charging him with an indictable criminal offense.  On March 2, 2015, after Lewis had endured considerable mental anguish and incurred significant legal expenses to fight the false charge against him, the Union County Prosecutor voluntarily dismissed that charge with prejudice.  Although the official notice of that dismissal indicated that the case had been dismissed "at the request of the Rahway Police Department," any such request was only made after Chief Rodger met personally with the Union County Prosecutor, tried vigorously to convince her ***not*** to dismiss the patently frivolous case against Lewis, and was advised that the charge would be dismissed ***over his objection***.

7.      After the charge against Lewis had been dismissed with prejudice, he formally requested that the City of Rahway honor its legal obligation to indemnify him, as a municipal employee, for the legal fees and expenses he incurred to defend a false charge of which he was completely exonerated.  He further requested that the City of Rahway and the Rahway Police Department apologize for bringing that charge against him, and that they publish and disseminate that apology in the same manner as they published, and to the same audience to whom they disseminated news of, the false charge against him. The City of Rahway and the Rahway Police Department repeatedly refused those requests, thus embracing and perpetuating the unconstitutional and unlawful treatment Lewis suffered at the hands of Defendants. As a direct and proximate result of that unconstitutional and unlawful treatment, which is outlined above and amplified below, Lewis has suffered and will continue to suffer severe and permanent damages, including personal and professional embarrassment in the community in which he has made his living for more than four decades.  He has been humiliated in the presence of educators and administrators with whom he has served for more than forty years, embarrassed in the presence of students and athletes he has taught and coached throughout that time, and diminished in the eyes of merchants and residents with whom he has spent his entire professional life.  This action follows.

## **THE PARTIES**

8.      Lewis is and at all times relevant to this Complaint was a resident of the State of New Jersey, County of Union and City of Rahway.  Lewis has been the Athletic Director for Rahway High School for more than forty years and is a long-serving member of the Clark Township Board of Education.

9.      Defendant City of Rahway ("Rahway") is and at all times relevant to this Complaint was a body politic and municipality of the State of New Jersey.

10.     Defendant Rahway Police Department (the "Rahway P.D.") is and at all times relevant to this Complaint was a division or department of Rahway.

11.     Chief Rodger is and at all times relevant to this Complaint was Rahway Chief of Police. He is sued in his official and personal capacities for his intentional violation of Lewis's clearly established rights under color of state law, as alleged in this Complaint.

12.     P.O. Halat is and at all times relevant to this Complaint was a Rahway police officer.  She is sued in her official and personal capacities for her intentional violation of Lewis's clearly established rights under color of state law, as alleged in this Complaint.

13.     P.O. Maloney is and at all times relevant to this Complaint was a Rahway police officer. He is sued in his official and personal capacities for his intentional violation of Lewis's clearly established rights under color of state law, as alleged in this Complaint.

14.     Joseph Kostick ("P.O. Kostick") is and at all times relevant to this Complaint was a Rahway police officer.  He is sued in his official and personal capacities for his intentional violation of Lewis's clearly established rights under color of state law, as alleged in this Complaint.

15.     Richard Long ("Detective Long") is and at all times relevant to this Complaint was a Detective Sergeant of the Rahway P.D.  He is sued in his official and personal capacities for his intentional violation of Lewis's clearly established rights under color of state law, as alleged in this Complaint.

16.     Shawn Ganley ("Detective Ganley") is and at all times relevant to this Complaint was a Detective of the Rahway P.D.  He is sued in his official and personal capacities for his intentional violation of Lewis's clearly established rights under color of state law, as alleged in this Complaint.

17.     Lt. Sabba, who was originally sued under the fictitious name John Doe 1, is and at all times relevant to this Complaint was a Lieutenant of the Rahway P.D.  He is sued in his official and personal capacities for his intentional violation of Lewis's clearly established rights under color of state law, as alleged in this Complaint.

6

18.     Captain Simonetti, who was originally sued under the fictitious name John Doe 2, is and at all times relevant to this Complaint was a Captain of the Rahway P.D.  He is sued in his official and personal capacities for his intentional violation of Lewis's clearly established rights under color of state law, as alleged in this Complaint.

19.     Defendants John Does 3 through 10, fictitious names used to designate unknown parties, are decision-makers, supervisors, employees or agents of Rahway and/or the Rahway P.D. who, at all times acting under color of state law, supervised, assisted, coordinated and/or controlled the unlawful detainment, false arrest, false imprisonment, malicious prosecution, defamation, slander and libel of Lewis, the invasion of his privacy, and the intentional infliction of emotional distress upon him, and who conspired and acted in conjunction with the named Defendants to violate Lewis's federal and state constitutional, common law and civil rights, and/or to institute, create, perpetuate or permit the municipal policies, customs, and practices that resulted in the violation of Lewis's rights as alleged in this Complaint. John Does 3 through 10 are sued in their official and personal capacities.

## JURISDICTION AND VENUE

20.     This Court has original jurisdiction over Lewis's claims arising under the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1988 pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiff's claims arising under the constitution and laws of the State of New Jersey pursuant to 28 U.S.C. § 1367.

21.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to Lewis's claims occurred in this district and all Defendants reside or are located in this district.

## FACTUAL ALLEGATIONS

**A. While Ejecting An Unruly Fan From A High School Basketball Game For Creating A Disturbance, Lewis Engaged In A Brief Interaction With P.O. Halat And Did Not Assault Her In Any Way.**

22.     On Sunday evening, December 28, 2014, the Rahway High School boys varsity  basketball team upset the Point Pleasant Beach High School team in a game played in the crowded gymnasium of Rahway High School as part of the John "Butch" Kowal Memorial Basketball Tournament.

23.     Shortly after the Rahway-Point Pleasant Beach game ended, John Shutte ("Shutte"), a Rahway school teacher who serves as the Site Supervisor for Rahway High School basketball games, was standing in the hallway outside the gymnasium near a concession stand and in front of an office when an adult male named James Panzini ("Panzini") and his young son exited the gymnasium and entered the hallway in which Shutte was standing.  Panzini, whose older son was a member of the Point Pleasant Beach boys basketball team, commented loudly to Shutte that Rahway "really got some great calls" during the game.  Shutte responded that it was a great win for Rahway High School and that he was proud of the team.

24.     In response, Panzini replied that he would not be proud of that team of "spooks," "white trash," and "buffalos," referring to the Rahway boys basketball team.  Provoked by those remarks, Shutte began to argue with Panzini.

25.     A few seconds later, Lewis walked into the area, immediately stepped between Shutte and Panzini, and asked Panzini to leave the building.

26.     In response to Lewis's directive, Panzini moved toward the exit with his younger son and Lewis followed, intending to see them out of the building.  When Panzini and Lewis were within a few feet of the exit door, however, P.O Halat, one of two Rahway Police Officers hired to provide security for the tournament (the other being P.O. Maloney), stepped into Lewis's path.  P.O. Halat (a) did not witness the confrontation between Shutte and Panzini; (b) did not realize that Lewis was the Rahway Athletic

8

Director and was acting appropriately to maintain order at a crowded event; and (c) believed that she was breaking up a dispute between Lewis and Panzini rather than interfering with Lewis's appropriate resolution of the confrontation between Panzini and Shutte.  While Lewis explained what was transpiring to P.O. Halat, P.O. Maloney escorted Panzini and his son the last few feet to the exit.

27.     During their very brief interaction, Lewis (a) informed P.O. Halat that he was the Rahway Athletic Director and was in the process of diffusing a confrontation between an unruly Point Pleasant Beach fan and the tournament's Site Supervisor; and (b) criticized her for not properly performing her police function at the event, for misreading the situation, and for interfering with his ability to perform his function as Rahway Athletic Director by peaceably resolving a potentially explosive incident.  As the eyewitnesses to and surveillance video of their interaction confirm, Lewis did not assault P.O. Halat in any way.  Neither did P.O. Halat immediately arrest Lewis or otherwise react as though she had been assaulted.  But based upon a false account of P.O. Halat's interaction with Lewis provided by Lt. Sabba, and with the approval of Chief Rodger—who harbored personal animus toward Lewis for resisting the Chief's suggestion that Rahway High School hire more police officers to provide security at its sporting events—Captain Simonetti directed that Lewis be arrested and charged with aggravated assault.  Captain Simonetti gave that directive based on the false accounts of the Lewis/P.O. Halat interaction, which Captain Simonetti chose not to investigate, and Chief Rodger approved that directive based on his personal animus toward Lewis.  Lt. Sabba did as directed and fabricated a false charge of assault against Lewis, thus setting in motion the chain of events that led to the filing of this civil rights action.

**B. At Captain Simonetti's Direction And With Chief Rodger's Approval, P.O. Kostick, P.O. Halat and P.O. Maloney Falsely Arrested And Wrongly Imprisoned Lewis For Aggravated Assault.**

28.     Approximately 25 minutes after P.O. Halat's interaction with Lewis, P.O. Kostick arrived at Rahway High School and arrested Lewis for aggravated assault.  P.O. Kostick made that arrest without

conducting a meaningful investigation or crediting the statements of Lewis and at least one eyewitness who informed P.O. Kostick, before he made that arrest, that Lewis did not assault P.O. Halat.

29.     P.O. Maloney did nothing to correct P.O. Halat's false account of the Lewis/P.O. Halat interaction although he well knew that Lewis did not assault P.O. Halat.  Instead, in a taped telephone transmission at 8:10 p.m. that evening (approximately forty minutes after the interaction between Lewis and P.O. Halat), P.O. Maloney falsely advised Lt. Sabba, who was coordinating Rahway P.D. communications on the night of December 28, 2014, that Lewis had pushed P.O. Halat.  But in another taped telephone transmission at 8:47 p.m. that night, P.O. Maloney twice admitted that he did not see Lewis push P.O. Halat, stating to Lt. Sabba, "***And, I mean, I want to stick up for her, but I'm not gonna lie.***"

30.     In the thirty-seven minutes that elapsed between P.O. Maloney and Lt. Sabba's two conversations at 8:10 p.m. and 8:47 p.m., Lt. Sabba engaged in numerous conversations with Chief Rodger and other senior members of the Rahway P.D. in which he relayed false details—details for which he had no evidentiary support whatsoever—regarding the interaction between P.O. Halat and Lewis.

31.     For example, in a taped conversation at 8:24 p.m., Lt. Sabba told Chief Rodger that Lewis had pushed P.O. Halat "with, what I'm hearing, both hands" and "supposedly he charged at the guy to get at him and Justyna [P.O. Halat] stepped in between and he pushed her."

32.     Then, in a taped conversation at 8:42 p.m., Lt. Sabba told Captain Simonetti that (a) Lewis was "fighting with someone there" and "it got really heated and he was really aggressive"; (b) Lewis was "really disorderly and he did interfere with the police officer and her duties"; (c) "Lewis was supposedly really aggressive"; (d) P.O. Halat and P.O. Maloney "were going to remove him [Panzini] and then Lewis charged the guy," and Lewis was "really aggressive and making it worse"; and (e) P.O. Halat "stepped in to keep Lewis from getting at him [Panzini] because he [Lewis] charged him [Panzini]."  Lt. Sabba also

falsely claimed that Lewis used profanity towards P.O. Halat, stating "[s]he put her hand up to stop him, like stop, and he said 'don't effing touch me' and he pushed her."  In response, Captain Simonetti asked, "[i]s that what happened? He said 'don't fucking touch me?'"  When Lt. Sabba answered, "yeah," Simonetti—without taking any steps to verify the false information he had just been told or otherwise investigate the matter—decided on the spot that Lewis should be charged with aggravated assault, instructing Lt. Sabba, "you know what? Charge him."

33.    Lt. Sabba had no evidence to support the patently false statements he made to Chief Rodger and Captain Simonetti attributing aggressive, violent, and abusive conduct and language to Lewis. Moreover, P.O. Maloney admitted to Lt. Sabba—in a conversation that occurred just minutes after Lt. Sabba spoke to Chief Rodger and Captain Simonetti—that he had not actually seen the alleged push and that there were likely not any other witnesses to the interaction.  Nevertheless, Lt. Sabba made no effort to inform Chief Rodger and Captain Simonetti, or anyone else, that there was no evidence and no witnesses to support his false descriptions of the incident.

34.    That Lt. Sabba knew his descriptions of Lewis as, _inter alia_, "really aggressive," "really disorderly," and "charging" at Panzini were patently false was demonstrated in a taped conversation Lt. Sabba had with P.O. Kostick just a few minutes (8:59 p.m.) after speaking to Chief Rodger and Captain Simonetti.  In that conversation, Lt. Sabba revised his false description of Lewis's interaction with P.O. Halat to state—also falsely—that Lewis's alleged assault upon P.O. Halat actually "was a pretty light push" and that Lewis had just "touched her."

35.    Because (a) Lt. Sabba made no effort to correct his inaccurate statements to Captain Simonetti and Chief Rodger; and (b) Chief Rodger and Captain Simonetti made no effort to verify what Lt. Sabba had told them, P.O. Kostick falsely arrested and imprisoned Lewis, an individual with an impeccable reputation in the community who has devoted more than forty years to the Rahway public

school system, for the serious crime of aggravated assault, a second degree crime punishable by up to ten years in prison.  Aggravated assault carries a statutory presumption of incarceration.

36.      When advised that he was under arrest, Lewis cooperated fully and walked calmly out of the building with the officers.  Then, immediately outside Rahway High School and in full view of numerous witnesses, the officers handcuffed Lewis (even though he clearly presented no threat to them or anyone else) and placed him in a patrol car.  That was done for the sole purpose of humiliating him.

37.      Lewis was then transported to Rahway police headquarters, where he was detained against his will, searched, fingerprinted, photographed, and otherwise processed like a common criminal.

38.      While Lewis was in police custody, P.O. Halat—despite knowing that Lewis had not assaulted her—instituted a formal criminal proceeding against him by signing a criminal complaint charging him with aggravated assault in violation of N.J.S.A. 2C:12-1(b)(5)(a).

39.      In that criminal complaint, P.O. Halat falsely swore that there was probable cause to believe Lewis had committed the crime with which he was charged.  Specifically, to justify the criminal charge against Lewis, P.O. Halat falsely swore that Lewis "purposely, knowingly and recklessly commit[ted] aggravated assault on a law enforcement officer acting in the performance of [her] duties while in uniform[,] specifically by pushing an officer in the chest while waving his hands, screaming then pointing his finger in the officer's face."   P.O. Halat made that false statement in an effort to manufacture probable cause for the criminal offense with which Lewis was charged.

40.      P.O. Maloney made no effort to prevent P.O. Halat from falsely swearing out a criminal complaint against Lewis without probable cause despite having firsthand, eyewitness knowledge that Lewis had not assaulted P.O. Halat.  Nor did P.O. Kostick or Lt. Sabba make any such effort, despite knowing that Lewis and at least one eyewitness had already refuted P.O. Halat's account of her interaction with Lewis.

**C. Even After Subsequent Investigation Confirmed That Lewis Did Not Assault P.O. Halat, Defendants Continued Their Efforts To Prosecute Him.**

41.    It was not until later in the evening of December 28, 2014, after Lewis had already been falsely arrested and handcuffed in public outside his place of employment and in full view of numerous members of the Rahway community, and after he had been detained and processed at Rahway police headquarters, that P.O. Maloney interviewed Shutte and Detectives Long and Ganley interviewed Anthony Moceikis ("Moceikis"), a Rahway High School custodian who also witnessed the interaction between P.O. Halat and Lewis.

42.    During Shutte's interview, he stated to P.O. Maloney that Panzini had provoked an argument with him following the basketball game and confirmed that Lewis diffused that situation and did not assault P.O. Halat at any time.

43.    During Moceikis's interview, he similarly advised Detectives Long and Ganley that Lewis never assaulted P.O. Halat.  In response, Detectives Long and Ganley made it clear to Moceikis that they did not believe him; asked him whether members of the Rahway Board of Education and/or the Rahway Superintendent had threatened his job as a custodian if he did not support Lewis; and attempted to intimidate Moceikis into adopting P.O. Halat's version of her interaction with Lewis and providing false evidence against him.  Those efforts were unsuccessful and the interrogation ended when Moceikis raised his right hand and swore that Lewis had not assaulted P.O. Halat.

44.    Detectives Long and Ganley did not interview Peter Akintola ("Akintola"), another custodian at Rahway High School, although he also witnessed the interactions between Lewis and Panzini and Lewis and P.O. Halat and was present when P.O. Kostick arrived at Rahway High School.  In a sworn affidavit, Akintola confirmed that Lewis did not assault P.O. Halat.

45.    Following Lewis's arrest, the Rahway P.D. immediately secured and viewed a copy of a Rahway High School security surveillance video that captured the interaction between P.O. Halat and

Lewis.  That video refutes P.O. Halat's false version of those events and confirms that Lewis did not assault her.

46.    Despite the statements of Shutte and Moceikis and video footage directly contradicting P.O. Halat's account of her interaction with Lewis, Defendants continued to press the false aggravated assault charge against Lewis in the days and weeks following his false arrest.

**D. Defendants' Publication And Dissemination Of Oral And Written Statements Describing Their False Charge Against Lewis Caused Him Immediate And Significant Harm.**

47.    On the evening of December 28, 2014, Defendants took the extraordinary step of publishing and disseminating to the news media and others both written and oral statements describing their false charge that Lewis had committed the crime of aggravated assault, resulting in numerous on-line and print media stories repeating that false allegation.

48.    Numerous news articles in the week after the December 28, 2014 incident made public that Lewis—who had enjoyed an impeccable reputation in Rahway, where he had served as the high school's Athletic Director for decades, and Clark Township, where he had long served as a member of the Board of Education—had been arrested at Rahway High School for assaulting a police officer.

49.    For example, an article dated January 2, 2015 on www.nj.com, entitled *"Rahway Athletic Director Arrested At A Basketball Game, Charged With Assaulting Officer,"* reported that the Rahway P.D. had issued a statement claiming that "[d]uring the verbal dispute between Mr. Lewis and a spectator, a Rahway officer was pushed [in the chest]."

50.    A January 2, 2015 article on www.mycentraljersey.com, entitled *"Rahway Athletic Director Facing Assault Charges,"* stated that "[a]ccording to a police news release, on Dec. 28, Rahway High School Athletic Director Thomas Lewis, 63, was charged with aggravated assault for allegedly pushing a police officer in the chest during a dispute with a spectator at a basketball game at the high school."

14

**E. Chief Rodger Implored The Union County Prosecutor's Office To Pursue The Baseless Charge Against Lewis.**

51.     Immediately after Lewis was falsely charged with aggravated assault—a second degree crime that is punishable by up to ten years in prison and carries a presumption of incarceration—and publicly humiliated by Defendants' publication and dissemination to the press of written and oral statements describing that criminal charge, the matter was referred to the Union County Prosecutor's Office for prosecution.  Lewis's counsel, whom Lewis engaged in the wake of his false arrest, immediately began communicating with representatives of the Prosecutor's Office in an effort to obtain dismissal of that false and malicious charge.

52.     On January 12, 2015, Lewis, accompanied by counsel, appeared pursuant to summons at the Union County Courthouse, where he was again processed, fingerprinted, and photographed, and was brought before a Superior Court Judge for a public arraignment.  The court set a next appearance date of March 11, 2015.

53.     Following Lewis's arraignment, his counsel showed the Union County Prosecutor's Office sworn affidavits of Shutte, Akintola, and Moceikis attesting that (a) they had witnessed the interaction between P.O. Halat and Lewis; and (b) Lewis did not assault P.O. Halat at any time.  In light of those witness affidavits and the surveillance video, a copy of which was in the possession of the Prosecutor's Office, Lewis's counsel urged representatives of the office to dismiss the charges against him with prejudice.

54.     Although video footage and the sworn statements of three witnesses confirmed that Lewis did not assault P.O. Halat, Chief Rodger personally traveled to the Union County Prosecutor's Office and urged the Union County Prosecutor to (a) pursue the aggravated assault charge against Lewis; or, at a minimum, (b) downgrade that charge to a municipal offense so that it would be remanded to Rahway Municipal Court, but in no event to dismiss that charge outright and with prejudice.

55.     Despite those entreaties, after conducting a proper investigation of the matter—which included but was not limited to reading the Rahway P.D.'s own reports of the incident, interviewing witnesses,  including members of the Rahway P.D., viewing the Rahway High School surveillance video, reviewing the sworn affidavits shown them by Lewis's counsel, speaking directly with representatives of the Rahway P.D., and meeting personally with Chief Rodger—the Union County Prosecutor's Office determined that there was no basis to pursue the charge against Lewis and informed Chief Rodger that it would therefore be administratively dismissed outright and with prejudice.

56.     As a result, on March 2, 2015, more than two months after Lewis was falsely arrested, detained, and charged with aggravated assault, the charge against him was administratively dismissed with prejudice.  Although a report issued by the Union County Prosecutor's Office to the court notes that the dismissal was "at the request of the Rahway Police Department," that request for dismissal was only made **after** the Union County Prosecutor's Office rebuffed Chief Rodger's repeated requests that the charges against Lewis **not** be dismissed.

### F.  Chief Rodger And Captain Simonetti Had Actual Knowledge Of, Acquiesced In, Directed, And Personally Participated In The Violation Of Lewis's Rights.

57.     Chief Rodger and Captain Simonetti not only had actual knowledge of and acquiesced in the violation of Lewis's rights as set forth above, but also directed and personally participated in those unlawful acts.

58.     Based on Lt. Sabba's false account of P.O. Halat's interaction with Lewis on the evening of December 28, 2014, and acting with Chief Rodger's approval, Captain Simonetti directed Lt. Sabba to charge Lewis with aggravated assault despite knowing that he had not assaulted P.O. Halat.  Specifically, upon learning of the incident with Lewis, Captain Simonetti, with Chief Rodger's approval, (a) directed P.O. Halat to give a false account of the interaction—including that Lewis had assaulted her—to support a baseless criminal charge against him; (b) directed P.O. Maloney to refrain from contradicting P.O.

16

Halat's false account; (c) directed P.O. Kostick to accept P.O. Halat's false story without question; to disregard any and all evidence to the contrary; and to arrest Lewis for aggravated assault; (d) directed Lt. Sabba to ignore that there was no eyewitness or other evidence to support, and significant evidence to refute, the inaccurate statements he had made regarding Lewis's conduct immediately after the interaction with P.O. Halat; and (e) directed Detectives Long and Ganley to discourage and ignore eyewitness statements that contradicted P.O. Halat's account of her interaction with Lewis and to attempt to coerce at least one eyewitness into supporting that version of events.

59.     Chief Rodger (a) approved Captain Simonetti's decision to continue pressing the aggravated assault charge against Lewis; and (b) personally pressured the Prosecutor's Office to prosecute Lewis, despite overwhelming evidence (including eyewitness statements and a video recording) demonstrating the falsity of P.O. Halat's story.

60.     Chief Rodger thus directed, participated in, had actual knowledge of, and acquiesced in his subordinates' violations of Lewis's constitutional and common-law rights as detailed in this Complaint. Chief Rodger's actions in this matter, including his failure to prevent his subordinates from violating Lewis's constitutional and common-law rights as set forth in this Complaint, amounted to callous, reckless, knowing, and deliberate indifference to those rights.

61.     Chief Rodger's direction of, participation in, knowledge of, and acquiescence in his subordinates' violation of Lewis's constitutional, statutory, and common law rights was a breach of his sworn duty to the city, the police department, and the people of Rahway.

## FIRST COUNT

### CLAIM UNDER 42 U.S.C. § 1983 FOR VIOLATION OF LEWIS'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS BASED ON FALSE ARREST AND FALSE IMPRISONMENT
### (Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)

62.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, each actively participated in, directed and/or knew of, and acquiesced in the false arrest and imprisonment of Lewis on December 28, 2014, as detailed in this Complaint.

64.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, falsely arrested and imprisoned Lewis on December 28, 2014 for aggravated assault based on knowingly false statements by P.O. Halat, without conducting any meaningful investigation, and in the face of contradictory evidence in the form of witness statements and a video recording, as detailed in this Complaint.

65.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, falsely arrested and imprisoned Lewis on December 28, 2014 for aggravated assault without probable cause to believe he had committed that or any other offense and, in fact, despite knowing that he never assaulted P.O. Halat, as detailed in this Complaint.

66.     Lewis suffered the deprivation of his liberty and property consistent with the concept of seizure in violation of the Fourth and Fourteenth Amendments as a result of his improper arrest and detention on December 28, 2014, as detailed in this Complaint.

67.     The false arrest and imprisonment of Lewis based solely on the false statements of a police officer and in the face of clear evidence that he did not assault P.O. Halat, as set forth in this Complaint, violated his clearly established right to be free from unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

68.     As a direct and proximate result of the violation of his Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures as alleged in this Complaint, Lewis has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment, pursuant to 42 U.S.C. § 1983, against Defendants P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley,  Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 on the First Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of suit, and such other and further relief as the Court deems equitable and just.

## SECOND COUNT

**CLAIM UNDER 42 U.S.C. § 1983 FOR VIOLATION OF LEWIS'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS BASED ON MALICIOUS PROSECUTION**
**(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)**

69.     Lewis repeats and realleges the allegations contained in Paragraphs 1 through 68 of this Complaint as though fully set forth herein.

70.     P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their

19

own individual acts, and at all times under color of state law, each actively participated in, directed and/or knew of and acquiesced in the malicious prosecution of Lewis, which began on December 28, 2014 and continued thereafter, as detailed in this Complaint.

71.     Beginning on December 28, 2014 and continuing thereafter, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, maliciously prosecuted Lewis for aggravated assault based on knowingly false statements by P.O. Halat, without conducting any meaningful investigation and in the face of contradictory evidence in the form of witness statements and a video recording, as detailed in this Complaint.

72.     Beginning on December 28, 2014 and continuing thereafter, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, maliciously prosecuted Lewis for aggravated assault without probable cause to believe he had committed that or any other offense and, indeed, despite knowing that he never assaulted P.O. Halat, as detailed in this Complaint.

73.     Beginning on December 28, 2014 and continuing thereafter, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, maliciously prosecuted Lewis for aggravated assault without probable cause and with actual malice, acting knowingly, recklessly and/or with gross negligence, and with the patently improper motive of harassing and abusing an individual toward whom Chief Rodger had personal animus, as detailed in this Complaint.

74.     On December 28, 2014, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, initiated a criminal proceeding against Lewis without probable cause by issuing the criminal complaint charging him with aggravated assault in violation of N.J.S.A. 2C:12-1(b)(5)(a), as detailed in this Complaint.

75.     Lewis's prosecution for aggravated assault was terminated in his favor when the Union County Prosecutor's Office dismissed the charge against him, as detailed in this Complaint.

76.     Lewis suffered multiple deprivations of his liberty and property consistent with the concept of seizure in violation of the Fourth and Fourteenth Amendments beginning on December 28, 2014 and continuing thereafter, including his unlawful detention both before and after issuance of the criminal complaint and his further detention on January 12, 2015 (the date of his arraignment), as detailed in this Complaint.

77.     The malicious prosecution of Lewis for aggravated assault in the face of clear evidence that he did not assault P.O. Halat, as set forth in this Complaint, violated his clearly established right to be free from unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

78.     As a direct and proximate result of the violation of his Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizures as alleged in this Complaint, Lewis has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment, pursuant to 42 U.S.C. § 1983, against Defendants P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 on the Second Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys'

fees pursuant to 42 U.S.C. § 1988, costs of suit, and such other and further relief as the Court deems equitable and just.

## THIRD COUNT

### CLAIM UNDER 42 U.S.C. § 1983 FOR SUPERVISORY LIABILITY
### (Against Chief Rodger, Captain Simonetti
### and John Does 3 through 10)

79.     Lewis repeats and realleges the allegations contained in Paragraphs 1 through 78 of this Complaint as though fully set forth herein.

80.     Chief Rodger, as Chief of the Rahway P.D., Captain Simonetti, as a Captain of the Rahway P.D., and John Does 3 through 10, were on December 28, 2014 and at all other times relevant to this Complaint, supervisors of P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley and Lt. Sabba.

81.      As set forth in this Complaint, Chief Rodger, Captain Simonetti and John Does 3 through 10 personally participated in the violation of Lewis's constitutional and common-law rights, directed and/or encouraged their subordinates to violate Lewis's constitutional and common-law rights, and/or had knowledge of and acquiesced in their subordinates' violations of Lewis's constitutional and common-law rights.

82.     Further, Chief Rodger, Captain Simonetti and John Does 3 through 10 knowingly failed to take actions within their supervisory authority and responsibility that would have prevented the violation of Lewis's rights, as set forth in this Complaint.

83.     The wrongful failure of Chief Rodger, Captain Simonetti and John Does 3 through 10 to supervise their subordinate officers involved reckless, callous and deliberate indifference to Lewis's federally protected rights, including his Fourth and Fourteenth Amendment right to be free from unreasonable searches and seizures.

84.     The violation of Lewis's rights, including those under the Fourth and Fourteenth Amendments to the United States Constitution, and the damage he has suffered as a result of those violations, were directly and proximately caused by the participation, direction, encouragement and/or knowledge and acquiescence of Chief Rodger, Captain Simonetti and John Does 3 through 10, as set forth above.

85.     As a direct and proximate result of the violation of his rights as alleged in this Complaint, Lewis has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment, pursuant to 42 U.S.C. § 1983, against Defendants Chief Rodger, Captain Simonetti and John Does 3 through 10 on the Third Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of suit, and such other and further relief as the Court deems equitable and just.

## FOURTH COUNT
### CLAIM UNDER 42 U.S.C. § 1983 FOR MUNICIPAL LIABILITY
#### (Against Rahway and the Rahway P.D.)

86.     Lewis repeats and realleges the allegations contained in Paragraphs 1 through 85 of this Complaint as though fully set forth herein.

87.     Chief Rodger, Captain Simonetti and John Does 3 through 10 are and at all times relevant to this Complaint were decision-makers for Rahway and the Rahway P.D. with final authority to establish municipal policy regarding police conduct and actions, and their edicts and acts represent and represented the official policy of Rahway and the Rahway P.D.

88.     Chief Rodger, Captain Simonetti and John Does 3 through 10, as decision-makers with final authority to establish municipal policy for Rahway and the Rahway P.D., authorized official policies

that led to or caused the violations of Lewis's rights and/or permitted practices that were so permanent and well settled as to establish acquiescence in the violation of his rights.

89.     At all times relevant to this Complaint, Rahway and the Rahway P.D., acting by and through Chief Rodger in his capacity as Chief of the Rahway P.D., Captain Simonetti in his capacity as a captain of the Rahway P.D., and John Does 3 through 10, in their capacities as decision-makers with final authority to establish municipal policy for Rahway and the Rahway P.D., had in effect express, official policies, as well as practices and customs, that were the direct and proximate cause of the violations of Lewis's constitutional and civil rights as detailed in this Complaint.

90.     One such express, official policy, which was promulgated at some point prior to December 28, 2014 and was at all times presided over by Chief Rodger, Captain Simonetti and John Does 3 through 10, was to violate the constitutional and civil rights of those persons, like Lewis, with whom Chief Rodger, Captain Simonetti and/or other members of the Rahway P.D. had personal conflicts and disputes in order to punish and harass those individuals by subjecting them to unlawful acts such as false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, harassment, intimidation, libel, slander, invasion of privacy and other violations of due process and fundamental fairness, all contrary to the provisions of 42 U.S.C. §§ 1983 and 1985 and New Jersey common law.  This express, official policy also included the routine manufacture of false evidence—including false representations by members of the Rahway P.D. to create the appearance of probable cause warranting the arrest of individuals singled out for such mistreatment—and was contrary to the provisions of 42 U.S.C. §§ 1983 and 1985, and New Jersey common law.

91.     At or around the time of Lewis's interaction with P.O. Halat on December 28, 2014, Chief Rodger, Captain Simonetti and John Does 3 through 10 also promulgated and presided over an express, official policy directed specifically at Lewis and the December 28, 2014 incident that was a direct and

24

proximate cause of the violations of his constitutional and civil rights.  That express, official policy was to take whatever steps necessary—including making knowingly false statements, rejecting contrary evidence that was exculpatory and readily available, attempting to coerce favorable testimony, and lobbying the Union County Prosecutor—to prosecute Lewis for a crime he did not commit, which resulted in the violation of his  constitutional and civil rights.  That policy was effectuated through the actions described above and was directly contrary to the provisions of 42 U.S.C. §§ 1983 and 1985 and New Jersey common law.

92.     Moreover, at some point prior to December 28, 2014, it became the continuing, persistent, common custom of Rahway, the Rahway P.D., Chief Rodger, Captain Simonetti and John Does 3 through 10 to violate the constitutional and civil rights of those persons with whom Chief Rodger, Captain Simonetti and/or other members of the Rahway P.D. had personal conflicts and disputes in order to punish and harass those individuals by subjecting them to unlawful acts such as false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, harassment, intimidation, libel, slander, false light invasion of privacy and other violations of due process and fundamental fairness, all contrary to the provisions of 42 U.S.C. §§ 1983 and 1985 and New Jersey common law.

93.     As of December 28, 2014, that custom was so well-settled and widespread that Chief Rodger, Captain Simonetti and John Does 3 through 10 had actual or constructive knowledge of it. Despite that actual or constructive knowledge, Chief Rodger, Captain Simonetti and John Does 3 through 10 tolerated, condoned, displayed deliberate indifference to and tacitly authorized that custom.  As a direct and proximate result of their misfeasance and malfeasance in that regard, the custom became the de facto official policy of Rahway and the Rahway P.D.

94.     In addition, Chief Rodger, Captain Simonetti John Does 3 through 10, Rahway and the Rahway P.D. had a duty to train and supervise the conduct of Rahway police personnel and, among other things, to prevent such persons from violating the constitutional and civil rights of Lewis and others.  Chief Rodger, Captain Simonetti, Rahway and the Rahway P.D. knowingly, intentionally, recklessly and/or negligently breached their duty to train and supervise the Rahway police, all of whom were under their control, resulting in the deprivation of Lewis's constitutional and civil rights, as set forth above.

95.     Rahway's training policy was inadequate in that it failed to properly educate the members of the Rahway P.D. with respect to constitutionally-mandated procedures for procuring and effectuating arrests, imprisoning suspects, initiating prosecutions, and otherwise performing their law-enforcement functions.  That training policy was so deficient as to reflect deliberate indifference on the part of Rahway, the Rahway P.D., Chief Rodger, Captain Simonetti and John Does 3 through 10 to the constitutional and civil rights of persons, including Lewis, with whom the members of the Rahway P.D. came into contact, contrary to the provisions of 42 U.S.C. §§ 1983 and 1985 and New Jersey common law.

96.     Prior to December 28, 2014, P.O. Halat, P.O. Maloney, P.O. Kostick, Detectives Long and Ganley, Lt. Sabba, Captain Simonetti, and other members of the Rahway P.D. engaged in a pattern and practice of constitutional and civil violations, including false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, harassment, libel, slander, false light invasion of privacy, intimidation, and other violations of due process and fundamental fairness.  That pattern of constitutional and civil violations was so stark that the need to further train the members of the Rahway P.D. and the need for better recruitment, supervision, and discipline of Rahway police officers was or should have been obvious to Rahway, the Rahway P.D., Chief Rodger, Captain Simonetti and John Does 3 through 10.  Rahway, the Rahway P.D., Chief Rodger, Captain Simonetti and John Does 3 through 10

demonstrated deliberate indifference to those needs by failing to improve the training, recruitment, supervision, and discipline of Rahway police officers.

97.     Rahway and the Rahway P.D. maintained and implemented the above-described policies, practices, and customs by and through Chief Rodger, Captain Simonetti and John Does 3 through 10 and with deliberate indifference to the rights of Lewis and others.  Those policies and customs were a direct and proximate cause of the violations of Lewis's constitutional and civil rights as set forth in this Complaint.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment, pursuant to 42 U.S.C. § 1983, against Defendants Rahway and the Rahway P.D. on the Fourth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of suit, and such other and further relief as the Court deems equitable and just.

**FIFTH COUNT**

**CONSPIRACY UNDER 42 U.S.C. § 1985**
(Against All Defendants)

98.     Lewis repeats and realleges the allegations contained in Paragraphs 1 through 97 of this Complaint as though fully set forth herein.

99.     P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, together with Rahway and the Rahway P.D., acting by and through its employees and agents named as Defendants, conspired between and among themselves beginning on December 28, 2014, and continuing thereafter, to violate Lewis's constitutional and civil rights by engaging in the conduct described in this Complaint.  Specifically, Defendants agreed between and among themselves to falsely arrest and imprison and maliciously prosecute Lewis to cause him significant embarrassment and monetary and reputational harm.

100.     Beginning on December 28, 2014, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, together with Rahway and the Rahway P.D., acting by and through its employees and agents named as Defendants, entered into a conspiracy between and among themselves whereby they agreed to falsely arrest and imprison and maliciously prosecute Lewis for aggravated assault despite knowing that he had not committed that or any other crime.

101.     In furtherance of that conspiracy, and in order to inflict an unconstitutional injury on Lewis, Defendants engaged in the acts outlined in this Complaint, all of which constitute overt acts in furtherance of the conspiracy.

102.     The conspiracy to falsely arrest and imprison Lewis and to maliciously prosecute him, as set forth in this Complaint, violated his Fourth and Fourteenth right to be free from unreasonable searches and seizures.

103.     As a direct and proximate result of the violation of Plaintiff's Fourth and Fourteenth Amendment rights as alleged in this Complaint, he has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment, pursuant to 42 U.S.C. § 1985, against Defendants, Rahway, the Rahway P.D., P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, on the Fifth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to 42 U.S.C. § 1988, costs of suit, and such other and further relief as the Court deems equitable and just.

### SIXTH COUNT

**CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2, FOR VIOLATION OF LEWIS'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION BASED ON FALSE ARREST AND FALSE IMPRISONMENT (Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti, and John Does 3 through 10)**

104.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 103 of this Complaint as though fully set forth herein.

105.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, each actively participated in, directed, and/or knew of and acquiesced in the false arrest and imprisonment of Lewis on December 28, 2014, as detailed in this Complaint.

106.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, falsely arrested and imprisoned Lewis on December 28, 2014 for aggravated assault based on knowingly false statements by P.O. Halat, without conducting any meaningful investigation and in the face of irrefutable contradictory evidence in the form of witness statements and a video recording, as detailed in this Complaint.

107.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, falsely arrested and imprisoned Lewis on December 28, 2014 for aggravated assault without probable cause to believe he had committed that or any other offense and, in fact, despite knowing that he did not assault P.O. Halat, as detailed in this Complaint.

108.    Lewis suffered the deprivation of his liberty and property consistent with the concept of seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution as a result of his improper arrest and detention on December 28, 2014, as detailed in this Complaint.

109.    The false arrest and imprisonment of Lewis based solely on the false statements of P.O. Halat and in the face of clear evidence that he did not assault her, as set forth in this Complaint, violated, deprived Lewis of and/or interfered, by threats, intimidation or coercion, with his clearly established right to be free from unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution, and thus violated the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2.

110.    As a direct and proximate result of the violation of, deprivation of and/or interference with his rights under the Fourth and Fourteenth Amendment to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution to be free from unreasonable searches and seizures as alleged in this Complaint, Lewis has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment, pursuant to N.J.S.A. 10:6-1 to 10:6-2, against Defendants P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 on the Sixth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to N.J.S.A. 10:6-2(f), costs of suit, and such other and further relief as the Court deems equitable and just.

## SEVENTH COUNT

**CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2, FOR VIOLATION OF LEWIS'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION BASED ON MALICIOUS PROSECUTION**
**(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)**

111.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 110 of this Complaint as though fully set forth herein.

112.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, each actively participated in, directed and/or knew of and acquiesced in the malicious prosecution of Lewis, which began on December 28, 2014 and continued thereafter, as detailed in this Complaint.

113.    Beginning on December 28, 2014 and continuing thereafter, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, maliciously prosecuted Lewis for aggravated assault based on knowingly false statements by P.O. Halat, without conducting any meaningful investigation and in the face of contradictory evidence in the form of witness statements and a video recording, as detailed in this Complaint.

114.    Beginning on December 28, 2014 and continuing thereafter, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, maliciously prosecuted Lewis for aggravated assault without probable cause to believe he had committed that or any other offense and, in fact, despite knowing that he had not assaulted P.O. Halat, as detailed in this Complaint.

115.    Beginning on December 28, 2014 and continuing thereafter, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, maliciously prosecuted Lewis for aggravated assault without probable cause and with actual malice, acting knowingly, recklessly and/or with gross negligence, and with the patently improper motive of harassing and abusing an individual for whom Chief Rodger had personal animosity and to protect P.O. Halat from the consequences of her false statements, as detailed in this Complaint.

116.    On December 28, 2014, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, initiated a criminal proceeding against Lewis without probable cause by issuing the criminal complaint charging him with aggravated assault in violation of N.J.S.A. 2C:12-1(b)(5)(a), as detailed in this Complaint.

117.    Lewis's prosecution on the charge of aggravated assault was terminated in his favor when the Union County Prosecutor's Office dismissed that charge, as detailed in this Complaint.

118.    Lewis suffered multiple deprivations of his liberty and property consistent with the concept of seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution beginning on December 28, 2014 and continuing thereafter, including his unlawful detention both before and after issuance of the criminal complaint and his further detention on January 12, 2015 (the date of his arraignment), as detailed in this Complaint.

119.    The malicious prosecution of Lewis based solely on the false statements of a police officer and in the face of clear evidence that he did not assault her, as set forth in this Complaint, violated, deprived him of, and/or interfered, by threats, intimidation or coercion, with his clearly established right to be free from unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments to the

United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution, and thus violated the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2.

120.    As a direct and proximate result of the violation of, deprivation of and/or interference with his rights under the Fourth and Fourteenth Amendment to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution to be free from unreasonable searches and seizures as alleged in this Complaint, Lewis has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment, pursuant to N.J.S.A. 10:6-1 to 10:6-2,  against Defendants P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 on the Seventh Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to N.J.S.A. 10:6-2(f), costs of suit, and such other and further relief as the Court deems equitable and just.

## EIGHTH COUNT
### CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2, FOR SUPERVISORY LIABILITY
### (Against Chief Rodger, Captain Simonetti and John Does 3 through 10)

121.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 120 of this Complaint as though fully set forth herein.

122.    Chief Rodger, as Chief of the Rahway P.D., Captain Simonetti, as a captain of the Rahway P.D., and John Does 3 through 10, were on December 28, 2014 and all other times relevant to this Complaint, supervisors of P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Lt. Sabba, and John Does 3 through 10.

123.    As set forth in this Complaint, Chief Rodger, Captain Simonetti and John Does 3 through 10 participated in the violation of, deprivation of and/or interference with Lewis's constitutional and common law rights, directed and/or encouraged their subordinates to violate Lewis's constitutional and

common law rights, and/or had knowledge of and acquiesced in their subordinates' violations of Lewis's constitutional and common law rights.

124.    Further, Chief Rodger, Captain Simonetti and John Does 3 through 10 knowingly failed to take actions within their supervisory authority and responsibility that would have prevented the violation of, deprivation of, and/or interference with Lewis's rights, as set forth in this Complaint.

125.    The wrongful failure of Chief Rodger, Captain Simonetti and John Does 3 through 10 to supervise their subordinate officers involved reckless, callous, and deliberate indifference to Lewis's protected rights, including his rights under the Fourth and Fourteenth Amendment to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution to be free from unreasonable searches and seizures.

126.    The violations of Lewis's rights, including those under the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution, and the damage he has suffered as a result of those violations, were directly and proximately caused by the participation, direction, encouragement and/or knowledge and acquiescence of Chief Rodger, Captain Simonetti and John Does 3 through 10, as set forth above.

127.    As a direct and proximate result of the violation of his rights as alleged in this Complaint, which violated the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2, Lewis has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment, pursuant to N.J.S.A. 10:6-1 to 10:6-2, against Defendants Chief Rodger, Captain Simonetti and John Does 3 through 10 on the Eighth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to N.J.S.A. 10:6-2(f), costs of suit, and such other and further relief as the Court deems equitable and just.

## NINTH COUNT

### CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2, FOR MUNICIPAL LIABILITY
### (Against Rahway and the Rahway P.D.)

128.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 127 of this Complaint as though fully set forth herein.

129.    Chief Rodger, Captain Simonetti and John Does 3 through 10 are and at all times relevant to this Complaint were decision-makers for Rahway and the Rahway P.D. with final authority to establish municipal policy regarding police conduct and actions, and their edicts and acts represent and represented the official policy of Rahway and the Rahway P.D.

130.    Chief Rodger, Captain Simonetti and John Does 3 through 10, as decision-makers with final authority to establish municipal policy for Rahway and the Rahway P.D., authorized official policies that led to or caused the violation of, deprivation of, and/or interference with Lewis's rights and/or permitted practices that were so permanent and well settled as to establish acquiescence in the violation of Lewis's rights.

131.    As detailed above, at all times relevant to this Complaint, Rahway and the Rahway P.D., acting by and through Chief Rodger, in his capacity as Chief of the Rahway P.D., Captain Simonetti, in his capacity as a captain of the Rahway P.D., and John Does 3 through 10, in their capacities as decision-makers with final authority to establish municipal policy regarding police conduct and actions, had in effect express, official policies, as well as practices and customs, that were the direct and proximate cause of the violation of, deprivation of and/or interference with Lewis's constitutional and civil rights as detailed in this Complaint.

132.    As detailed above, Chief Rodger, Captain Simonetti and John Does 3 through 10, Rahway and the Rahway P.D. (a) had a duty to train and supervise the conduct of Rahway police personnel and, among other things, to prevent such persons from violating the constitutional and civil rights of Lewis and

others; and (b) knowingly and intentionally, recklessly or negligently breached their duty to train and supervise the Rahway police, all of whom were under their control, resulting in the deprivation of Lewis's constitutional and civil rights, as set forth above.

133.    Rahway's training policy was inadequate in that it failed to properly educate the members of the Rahway P.D. with respect to constitutionally-mandated procedures for procuring and effectuating arrests, imprisoning suspects, initiating prosecutions and otherwise performing their law-enforcement functions.  That training policy was so deficient as to reflect the deliberate indifference of Rahway, the Rahway P.D., Chief Rodger, Captain Simonetti and John Does 3 through 10 to the constitutional and civil rights of persons, including Lewis, with whom the members of the Rahway P.D. came into contact, contrary to the provisions of the New Jersey Civil Rights Act and New Jersey common law.

134.    Rahway and the Rahway P.D. maintained and implemented the above-described policies, practices and customs by and through Chief Rodger, Captain Simonetti and John Does 3 through 10 with deliberate indifference to the rights of Lewis and others.  Those policies and customs were a direct and proximate cause of the violations of Lewis's constitutional and civil rights as set forth in this Complaint, in violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to 10:6-2.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment, pursuant to N.J.S.A. 10:6-1 to 10:6-2, against Defendants Rahway and the Rahway P.D. on the Ninth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to N.J.S.A. 10:6-2(f), costs of suit, and such other and further relief as the Court deems equitable and just.

## TENTH COUNT

### CONSPIRACY UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2, (Against All Defendants)

135.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 134 of this Complaint as though fully set forth herein.

136.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, together with Rahway and the Rahway P.D., acting by and through its employees and agents named as Defendants, conspired between and among themselves beginning on December 28, 2014, and continuing thereafter, to violate Lewis's constitutional and civil rights by engaging in the conduct described in this Complaint.  Specifically, Defendants agreed between and among themselves to falsely arrest and imprison and to maliciously prosecute Lewis to cause him significant embarrassment and monetary and reputational harm.

137.    Beginning on December 28, 2014, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, together with Rahway and the Rahway P.D., acting by and through its employees and agents named as Defendants, entered into a conspiracy between and among themselves whereby they agreed to falsely arrest and imprison and maliciously prosecute Lewis for aggravated assault despite knowing that he had not committed that or any other crime.

138.    In furtherance of that conspiracy, and in order to inflict an unconstitutional injury on Lewis, Defendants engaged in the acts outlined in this Complaint, all of which constitute overt acts in furtherance of the conspiracy.

139.     The conspiracy to falsely arrest and imprison Lewis, as set forth in this Complaint, violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution to be free from unreasonable searches and seizures.

140.     As a direct and proximate result of the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 1, Paragraph 7 of the New Jersey Constitution as alleged in this Complaint, he has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment, pursuant to N.J.S.A. 10:6-1 to 10:6-2, against Defendants, Rahway, the Rahway P.D., P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, on the Tenth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees pursuant to N.J.S.A. 10:6-2(f), costs of suit, and such other and further relief as the Court deems equitable and just.

### ELEVENTH COUNT

**FALSE ARREST AND FALSE IMPRISONMENT**
**(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley,**
**Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)**

141.     Lewis repeats and realleges the allegations contained in Paragraphs 1 through 140 of this Complaint as though fully set forth herein.

142.     P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, each actively participated in, directed and/or knew of and acquiesced in the arrest and detention of Lewis against his will on December 28, 2014, as detailed in this Complaint.

143.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, falsely arrested and imprisoned Lewis on December 28, 2014 for aggravated assault based on knowingly false statements by P.O. Halat, without conducting an adequate investigation and in the face of contradictory evidence in the form of witness statements and a video recording, as detailed in this Complaint.

144.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, falsely arrested and imprisoned Lewis on December 28, 2014 for aggravated assault without probable cause to believe he had committed that or any other offense and, in fact, despite knowing that he never assaulted P.O. Halat, as detailed in this Complaint.

145.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 lacked proper legal authority or justification to subject Lewis to arrest and detention against his will on December 28, 2014, as detailed in this Complaint.

146.    As a direct and proximate result of his arrest and detention without legal authority or justification, Lewis has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment against Defendants P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 on the Eleventh Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

## TWELFTH COUNT

### MALICIOUS PROSECUTION
**(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)**

147.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 146 of this Complaint as though fully set forth herein.

148.    On December 28, 2014, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, initiated a criminal proceeding against Lewis by issuing a criminal complaint charging him with aggravated assault of P.O. Halat in violation of N.J.S.A. 2C:12-1(b)(5)(a), as detailed in this Complaint.

149.    As detailed in this Complaint, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, lacked probable cause to believe that Lewis had committed aggravated assault or any other criminal offense.  In fact, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 well knew that Lewis never assaulted P.O. Halat and thus had not committed the offense with which he was charged or any other criminal offense, as detailed in this Complaint.

150.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, maliciously prosecuted Lewis for aggravated assault without probable cause and with actual malice, acting knowingly, recklessly and/or with gross negligence, and with the patently improper motive of harassing and abusing an individual for whom Chief

Rodger had personal animosity and to protect P.O. Halat from the consequences of her false statements, as detailed in this Complaint.

151.    Lewis's malicious prosecution for aggravated assault was terminated in his favor when the Union County Prosecutor's Office dismissed the charge against him, as detailed in this Complaint.

152.    As a direct and proximate result of Defendants' malicious prosecution of him, Lewis has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment against Defendants P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 on the Twelfth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

<u>**THIRTEENTH COUNT**</u>

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley,**
**Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)**

153.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 152 of this Complaint as though fully set forth herein.

154.    By falsely arresting, falsely imprisoning, and maliciously prosecuting Lewis as set forth in this Complaint, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, engaged in conduct that is atrocious and utterly intolerable in a civilized community and is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

155.    P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their

own individual acts, and at all times under color of state law, falsely arrested and imprisoned and maliciously prosecuted Lewis and engaged in the other misdeeds set forth in this Complaint deliberately and with the intent to cause Lewis significant emotional distress or with deliberate disregard of a high probability that such emotional distress would occur as a direct and proximate result of their actions.  P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, engaged in this conduct with actual malice, acting knowingly, recklessly and/or with gross negligence, and with the patently improper motive of harassing and abusing an individual toward whom Chief Rodger had personal animus and to protect P.O. Halat from the consequences of her false statements, as detailed in this Complaint.

156.    The acts of P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 as alleged in this Complaint, which they committed in their personal capacities and by their own individual acts, and at all times under color of state law, proximately caused Lewis emotional distress that is so severe that no reasonable person could be expected to endure it.

157.    As a direct and proximate result of the intentional infliction of emotional distress upon him by P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, Lewis has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment against Defendants P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 on the Thirteenth Count of this Complaint for compensatory and punitive

damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

## FOURTEENTH COUNT

### DEFAMATION — LIBEL
### (Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)

158.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 157 of this Complaint as though fully set forth herein.

159.    As set forth in this Complaint, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and/or John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, made and/or repeated a false and defamatory statement in writing by issuing a written press statement that Lewis, while working in his capacity as Athletic Director of Rahway High School, committed the crime of aggravated assault against P.O. Halat.  Because that statement falsely imputed criminal activity to Lewis, it constitutes libel *per se*.

160.    As set forth in this Complaint, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and/or John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, also re-published the false and defamatory statements contained in the criminal complaint and other documents filed with the Court by providing them to the New Jersey Department of Education and others.

161.    Defendants made these written statements with actual malice and with knowledge of falsity or reckless disregard for the truth.  Indeed, as set forth in this Complaint, Defendants knew that P.O. Halat's version of her interaction with Lewis was demonstrably false and contrary to the evidence, including every eyewitness statement and surveillance video footage of that interaction.

43

162.    As a direct and proximate result of the libel *per se* by P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, Lewis has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment against Defendants P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 on the Fourteenth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

## FIFTEENTH COUNT

### DEFAMATION — SLANDER
**(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long,
Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)**

163.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 162 of this Complaint as though fully set forth herein.

164.    As set forth in this Complaint, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and/or John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, made and/or repeated a false and defamatory statement orally by, among other things, stating to members of the press that Lewis, while working in his capacity as Athletic Director of Rahway High School, committed the crime of aggravated assault against P.O. Halat.  Because that spoken statement falsely imputed criminal activity to Lewis, it constitutes slander *per se*.

165.    As set forth in this Complaint, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and/or John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, re-published that false and defamatory oral statement to various parties including members of the Union

44

County Prosecutor's Office, the New Jersey Department of Education, and various individuals in and around Rahway.

166.    Defendants made that spoken statement with actual malice, as they made it with knowledge of falsity or reckless disregard for the truth.  Indeed, as set forth in this Complaint, Defendants knew that P.O. Halat's version of her interaction with Lewis was demonstrably false and contrary to the evidence, including every eyewitness statement and surveillance video footage.

167.    As a direct and proximate result of this slander *per se* by P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, Lewis has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment against Defendants P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 on the Fifteenth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

## SIXTEENTH COUNT

### FALSE LIGHT INVASION OF PRIVACY
**(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)**

168.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 167 of this Complaint as though fully set forth herein.

169.    As set forth in this Complaint, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and/or John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, made and/or repeated to various third parties the false and defamatory statement, both orally and in writing, that

Lewis, while working in his capacity as Athletic Director of Rahway High School, committed the crime of aggravated assault against P.O. Halat.

170.    That statement unreasonably invaded Lewis's privacy by placing him in a false light before the public in a manner that was highly offensive to him and would have been highly offensive to any reasonable person.

171.    As set forth in this Complaint, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and/or John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, had knowledge of the falsity or reckless disregard for the truth of the publicized statements described above and the false light in which they placed Lewis.

172.    As a direct and proximate result of the false light invasion of his privacy by P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, Lewis has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment against Defendants P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10 on the Sixteenth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

<u>**SEVENTEENTH COUNT**</u>
**RESPONDEAT SUPERIOR LIABILITY**
**(Against Rahway, Rahway P.D.)**

173.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 172 of this Complaint as though fully set forth herein.

174.     At all times relevant to this Complaint, Chief Rodger, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Lt. Sabba, Captain Simonetti, and John Does 3 through 10 were all employees of Rahway and members of the Rahway P.D.

175.     Chief Rodger, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Lt. Sabba, Captain Simonetti, and John Does 3 through 10 were at all times acting within the scope of their employment and under color of state law when performing the actions set forth in this Complaint.

176.     Accordingly, under the principle of respondeat superior, Rahway and the Rahway P.D. are liable for the false arrest and imprisonment, malicious prosecution, intentional infliction of emotional distress, libel, slander, and false light invasion of privacy inflicted on Lewis by P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Lt. Sabba, Captain Simonetti, Chief Rodger and John Does 3 through 10.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment against Defendants Rahway and the Rahway P.D. on the Seventeenth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

## EIGHTEENTH COUNT
### COMMON-LAW CONSPIRACY
### (Against All Defendants)

177.     Lewis repeats and realleges the allegations contained in Paragraphs 1 through 176 of this Complaint as though fully set forth herein.

178.     P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, together with Rahway and the Rahway P.D., acting by and through its employees and agents named as Defendants, conspired between and among

47

themselves beginning on December 28, 2014 and continuing thereafter to violate Lewis's constitutional and civil rights by engaging in the conduct described in this Complaint.  Specifically, Defendants agreed between and among themselves to falsely arrest and imprison, maliciously prosecute, defame and intentionally inflict emotional distress upon Lewis, and to invade his privacy by placing him in a false light, in order to cause him significant embarrassment and monetary and reputational harm.

179.    Beginning on December 28, 2014, P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, acting in their personal capacities and by their own individual acts, and at all times under color of state law, together with Rahway and the Rahway P.D., acting by and through its employees and agents named as Defendants, entered into a conspiracy between and among themselves whereby they agreed to falsely arrest and imprison and maliciously prosecute Lewis for aggravated assault, to defame and intentionally inflict emotional distress upon him, and to invade his privacy by placing him in a false light, despite knowing that he had not committed aggravated assault or any other crime.

180.    In furtherance of that conspiracy, and in order to inflict an unconstitutional injury on Lewis, Defendants engaged in the acts outlined in this Complaint, all of which constitute overt acts in furtherance of the conspiracy.

181.    As a direct and proximate result of the violation of Lewis's rights caused by Defendants' conspiracy, he has suffered and will continue to suffer severe and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment against Defendants, Rahway, the Rahway P.D., P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10, on the Eighteenth Count of this Complaint for compensatory and punitive damages in an amount to be determined at trial plus interest, attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

## NINETEENTH COUNT

### BREACH OF THE DUTY TO DEFEND
### (Against Rahway)

182.    Lewis repeats and realleges the allegations contained in Paragraphs 1 through 181 of this Complaint as though fully set forth herein.

183.    Section 73-17(A) of the Rahway Municipal Code mandates that "[t]he City of Rahway shall provide legal defense for and against any and all claims, complaints, and/or legal actions against management employees arising out of the performance of their duties as employees of the City of Rahway."

184.    At all times relevant to this Complaint, Lewis was a management employee of the City of Rahway pursuant to § 73-2 of the Rahway Municipal Code.

185.    The events giving rise to the false criminal charge against Lewis arose of the performance of his duties as an employee of Rahway.

186.    The criminal complaint against Lewis was not upheld by the criminal justice system, but rather was dismissed in its entirety.  Lewis incurred legal fees and costs of $36,232.38 to successfully defend that criminal complaint.

187.    Accordingly, pursuant to § 73-17(A) of the Rahway Municipal Code, Rahway was obligated to provide Lewis's legal defense of the criminal complaint filed against him on December 28, 2014, and is now obligated to indemnify him for the $36,232.38 in fees and costs he incurred in his successful defense of that complaint.

188.    Lewis's counsel provided Rahway with an itemized statement of the legal fees and costs of successfully defending the complaint against Lewis and repeatedly requested that Rahway satisfy that statement, but Rahway has refused to do so.

189.     As a result of Rahway's breach of its statutory duty under § 73-17(A) of the Rahway Municipal Code to bear the legal fees and costs Lewis incurred to successfully defend the false criminal charge against him, Lewis has suffered and will continue to suffer significant and permanent damages.

**WHEREFORE**, Plaintiff, Thomas Lewis, demands judgment against Defendant Rahway on the Nineteenth Count of this Complaint for $36,232.38 plus interest, attorneys' fees, costs of suit and such other and further relief as the Court deems equitable and just.

Dated: June 29, 2016                          Respectfully submitted,
      Chatham, New Jersey

                             **MARINO, TORTORELLA & BOYLE, P.C.**


By:  /s/ Kevin H. Marino
       Kevin H. Marino
       John A. Boyle
       437 Southern Boulevard
       Chatham, New Jersey 07928-1488
       Phone: (973) 824-9300
       Facsimile: (973) 824-8425
       *Attorneys for Plaintiff Thomas Lewis*

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff, Thomas Lewis, hereby demands a trial by jury as to all issues so triable in this case.

Dated: June 29, 2016                           Respectfully submitted,
        Chatham, New Jersey

**MARINO, TORTORELLA & BOYLE, P.C.**


By:  <u>/s/ Kevin H. Marino</u>
     Kevin H. Marino
     John A. Boyle
     437 Southern Boulevard
     Chatham, New Jersey 07928-1488
     Phone: (973) 824-9300
     Facsimile: (973) 824-8425
     *Attorneys for Plaintiff Thomas Lewis*