**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue
West Orange, New Jersey 07052
Phone: (973) 243-8600
Fax: (973) 243-8677
Richard D. Trenk, Esq.
Jessica A. Buffman, Esq.
Franklin Barbosa, Jr., Esq.
*Attorneys for Defendants, City of Rahway, Rahway Police Department, John Rodger, Justyna Halat, Scott Maloney, Joseph Kostick, Richard Long and Shawn Ganley Joseph Simonetti, and Charles Sabba*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS LEWIS,<br>      Plaintiff,<br>v.<br>CITY OF RAHWAY; RAHWAY POLICE DEPARTMENT; RAHWAY POLICE CHIEF JOHN RODGER, in his official and individual capacities; RAHWAY POLICE OFFICERS JUSTYNA HALAT, SCOTT MALONEY, AND JOSEPH KOSTIC, in their official and individual capacities; RAHWAY DETECTIVE SERGEANT RICHARD LONG, in his official and individual capacities; RAHWAY DETECTIVE SHAWN GANLEY, in his official and individual capacities; RAHWAY POLICE LIEUTENANT CHARLES SABBA, in his official and individual capacities; RAHWAY POLICE CAPTAIN JOSEPH SIMONETTI, in his official and individual capacities; and JOHN DOES 3-10, UNKNOWN NAMED SUPERVISORS, DECISION-MAKERS, AGENTS OR EMPLOYEES OF CITY OF RAHWAY, in their official and individual capacities,<br>      Defendants. | Civil Action No. 2:15-cv-08880-JMV-MF<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendants City of Rahway, Rahway Police Department, John Rodger, Justyna Halat, Scott Maloney, Joseph Kostick, Richard Long, Shawn Ganley, Joseph Simonetti, and Charles Sabba ("Defendants"), by and through their attorneys, Trenk, DiPasquale, Della Fera & Sodono, hereby answers the Amended Complaint filed by Plaintiff Thomas Lewis ("Plaintiff") and states as follows:

## NATURE AND SUMMARY OF THE ACTION

1. Paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

3. Paragraph 3 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations contained in this paragraph.

5. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in this paragraph 6 of the Complaint.

7. Defendants deny the allegations set forth in paragraph 7 of the Complaint.

## THE PARTIES

8. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint. Defendants leave Plaintiff to his proofs.

9. Defendants admit that the City of Rahway is a municipality. Due to the confusing terminology, Defendants deny the balance of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants admit that John Rodger is and at all times relevant to this Complaint was Rahway Chief of Police. Defendants deny the balance of the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit that Justyna Halat is and at all times relevant to this Complaint was a Rahway Police Officer. Defendants deny the balance of the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit that Scott Maloney is and at all times relevant to this Complaint was a Rahway Police Officer. Defendants deny the balance of the allegations contained in paragraph 13 of the Complaint.

14. Defendant Joseph Kostick is and at all times relevant to this Complaint was a Sergeant of the Rahway Police Department. Defendants deny the balance of the allegations contained in paragraph 14 of the Complaint.

15. On December 28, 2014, Defendant Richard Long was a Sergeant of the Rahway Police Department. Presently, Defendant Richard Long is a Lieutenant of the Rahway Police Department. Defendants deny the balance of the allegations contained in paragraph 15 of the Complaint.

16. Defendants admit that Shawn Ganley is and at all times relevant to this Complaint was a Detective of the Rahway Police Department. Defendants deny the balance of the allegations contained in paragraph 16 of the Complaint.

17. Defendants admit that Charles Sabba is and at all times relevant to this Complaint was a Lieutenant of the Rahway Police Department. Defendants deny the balance of the allegations contained in paragraph 16 of the Complaint.

18. Defendants admit that Joseph Simonetti is and at all times relevant to this Complaint was a Captain of the Rahway Police Department. Defendants deny the balance of the allegations contained in paragraph 16 of the Complaint.

19. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

20. Paragraph 20 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## FACTUAL ALLEGATIONS

22. Defendants admit that a basketball game occurred on December 28, 2014 but leave Plaintiff to his proofs concerning all other claims.

23. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph 23 of Plaintiff's Complaint.

24. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph 24 of Plaintiff's Complaint.

25. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint. To the extent paragraph 29 references a document, the document speaks for itself.

30. Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint. To the extent paragraph 31 references a document, the document speaks for itself.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint. To the extent paragraph 32 references a document, the document speaks for itself.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint. To the extent paragraph 33 references a document, the document speaks for itself.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint. To the extent paragraph 34 references a document, the document speaks for itself.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in paragraph 46 of the Complaint.

48. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 48 of Plaintiff's Complaint. Any allegations related to Defendants are denied in their entirety.

49. Defendants deny the allegations set forth in paragraph 49 of the Complaint. To the extent paragraph 49 references a document, the document speaks for itself.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint. To the extent paragraph 50 references a document, the document speaks for itself.

51. Paragraph 51 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

52. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations set forth in paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in paragraph 61 of the Complaint.

### FIRST COUNT

### CLAIM UNDER 42 U.S.C. § 1983 FOR VIOLATION OF LEWIS'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS BASED ON FALSE ARREST AND FALSE IMPRISONMENT
(Against P.O. Halat, P.O. Maloney, P.O Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)

62. Defendants repeat and reincorporate its responses to paragraph 1 through 61 of the Complaint as if set forth at length herein.

63. Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

67. Paragraph 67 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

68. Defendants deny the allegations set forth in paragraph 68 of the Complaint.

**SECOND COUNT**

**CLAIM UNDER 42 U.S.C. § 1983 FOR VIOLATION OF LEWIS'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS BASED ON MALICIOUS PROSECUTION**
(Against P.O. Halat, P.O. Maloney, P.O Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10

69. Defendants repeat and reincorporate its responses to paragraph 1 through 68 of the Complaint as if set forth at length herein.

70. Paragraph 70 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

71. Paragraph 71 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

72. Paragraph 72 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

73. Paragraph 73 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

74. Paragraph 74 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

75. Paragraph 75 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

76. Paragraph 76 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

77. Paragraph 77 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

78. Paragraph 78 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

### THIRD COUNT
### CLAIM UNDER 42 U.S.C. § 1983 FOR SUPERVISORY LIABILITY
(Against Chief Rodger, Captain Simonetti,
and John Does 1 through 10)

79. Defendants repeat and reincorporate its responses to paragraph 1 through 78 of the Complaint as if set forth at length herein.

80. Defendants admit that Defendant Chief Rodger is Chief of the Rahway Police Department and Captain Simonetti is a Captain of the Rahway Police Department. Defendants deny the balance of the allegations set forth in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

82. Paragraph 82 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

83. Paragraph 83 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

84. Paragraph 84 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

85. Paragraph 85 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

### FOURTH COUNT
### CLAIM UNDER 42 U.S.C. § 1983 FOR MUNICIPALITY LIABILITY
(Against City of Rahway and Rahway Police Department)

86. Defendants repeat and reincorporate its responses to paragraph 1 through 85 of the Complaint as if set forth at length herein.

87. Defendants deny the allegations set forth in paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

89. Paragraph 89 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

90. Defendants deny the allegations set forth in paragraph 90 of the Complaint.

91. Defendants deny the allegations set forth in paragraph 91 of the Complaint.

92. Defendants deny the allegations set forth in paragraph 92 of the Complaint.

93. Defendants deny the allegations set forth in paragraph 93 of the Complaint.

94. Defendants deny the allegations set forth in paragraph 94 of the Complaint.

95. Defendants deny the allegations set forth in paragraph 95 of the Complaint.

96. Defendants deny the allegations set forth in paragraph 96 of the Complaint.

97. Defendants deny the allegations set forth in paragraph 97 of the Complaint.

## FIFTH COUNT
### CLAIM UNDER 42 U.S.C. § 1983 FOR MUNICIPALITY LIABILITY
(Against All Defendants)

98. Defendants repeat and reincorporate its responses to paragraph 1 through 97 of the Complaint as if set forth at length herein.

99. Paragraph 99 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

100. Paragraph 100 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

101. Paragraph 101 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

102. Paragraph 102 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

103. Paragraph 103 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## SIXTH COUNT

### CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2, FOR VIOLATION OF LEWIS'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUION AND ARTICLE 1, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION BASED ON FALSE ARREST AND FALSE IMPRISONMENT
(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti, and John Does 3 through 10)

104. Defendants repeat and reincorporate its responses to paragraph 1 through 103 of the Complaint as if set forth at length herein.

105. Defendants deny the allegations set forth in paragraph 105 of the Complaint.

106. Defendants deny the allegations set forth in paragraph 106 of the Complaint.

107. Defendants deny the allegations set forth in paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

109. Paragraph 109 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

110. Paragraph 110 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## SEVENTH COUNT

### CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2, FOR VIOLATION OF LEWIS'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUION AND ARTICLE 1, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION BASED ON MALICIOUS PROSECUTION
(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)

111. Defendants repeat and reincorporate its responses to paragraph 1 through 110 of the Complaint as if set forth at length herein.

112. Defendants deny the allegations set forth in paragraph 112 of the Complaint.

113. Defendants deny the allegations set forth in paragraph 113 of the Complaint.

114. Defendants deny the allegations set forth in paragraph 114 of the Complaint.

115. Defendants deny the allegations set forth in paragraph 115 of the Complaint.

116. Defendants deny the allegations set forth in paragraph 116 of the Complaint.

117. Defendants deny the allegations set forth in paragraph 117 of the Complaint.

118. Paragraph 118 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

119. Paragraph 119 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

120. Paragraph 120 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## EIGHTH COUNT

### CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2, FOR SUPERVISORY LIABILITY
(Against Chief Rodger, Captain Simonetti and John Does 3 through 10)

121. Defendants repeat and reincorporate its responses to paragraph 1 through 120 of the Complaint as if set forth at length herein.

122. Defendants admit that Defendant Chief Rodger is Chief of the Rahway Police Department and Captain Simonetti is a Captain of the Rahway Police Department. Defendants deny the balance of the allegations set forth in Paragraph 122 of the Complaint.

123. Paragraph 123 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

124. Paragraph 124 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

125. Paragraph 125 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

126. Paragraph 126 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

127. Paragraph 127 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## NINTH COUNT
### CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2, FOR MUNICIPAL LIABILITY
(Against the City of Rahway and the Rahway Police Department)

128. Defendants repeat and reincorporate its responses to paragraph 1 through 127 of the Complaint as if set forth at length herein.

129. Defendants deny the allegations set forth in paragraph 129 of the Complaint.

130. Paragraph 130 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

131. Paragraph 131 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

132. Paragraph 132 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

133. Defendants deny the allegations set forth in paragraph 133 of the Complaint.

134. Defendants deny the allegations set forth in paragraph 134 of the Complaint.

## TENTH COUNT
### CONSPIRACY UNDER THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1 to 10:6-2
(Against All Defendants)

135. Defendants repeat and reincorporate its responses to paragraph 1 through 134 of the Complaint as if set forth at length herein.

136. Paragraph 136 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

137. Paragraph 137 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

138. Paragraph 138 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

139. Paragraph 139 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

140. Paragraph 140 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## ELEVENTH COUNT
### FALSE ARREST AND FALSE IMPRISONMENT
(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)

141. Defendants repeat and reincorporate its responses to paragraph 1 through 140 of the Complaint as if set forth at length herein.

142. Defendants deny the allegations set forth in paragraph 142 of the Complaint.

143. Defendants deny the allegations set forth in paragraph 143 of the Complaint.

144. Defendants deny the allegations set forth in paragraph 144 of the Complaint.

145. Defendants deny the allegations set forth in paragraph 145 of the Complaint.

146. Paragraph 146 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## TWELFTH COUNT
### MALICIOUS PROSECUTION
(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)

147. Defendants repeat and reincorporate its responses to paragraph 1 through 146 of the Complaint as if set forth at length herein.

148. Defendants deny the allegations set forth in paragraph 147 of the Complaint.

149. Defendants deny the allegations set forth in paragraph 148 of the Complaint.

150. Defendants deny the allegations set forth in paragraph 149 of the Complaint.

151. Paragraph 150 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

152. Paragraph 151 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## THIRTEENTH COUNT

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)

153. Defendants repeat and reincorporate its responses to paragraph 1 through 152 of the Complaint as if set forth at length herein.

154. Defendants deny the allegations set forth in paragraph 154 of the Complaint.

155. Defendants deny the allegations set forth in paragraph 155 of the Complaint.

156. Defendants deny the allegations set forth in paragraph 156 of the Complaint.

157. Paragraph 157 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## FOURTEENTH COUNT

### DEFAMATION - LIBEL
(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)

158. Defendants repeat and reincorporate its responses to paragraph 1 through 157 of the Complaint as if set forth at length herein.

159. Defendants deny the allegations set forth in paragraph 159 of the Complaint.

160. Defendants deny the allegations set forth in paragraph 160 of the Complaint.

161. Defendants deny the allegations set forth in paragraph 161 of the Complaint.

162. Paragraph 162 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## FIFTEENTH COUNT
### DEFAMATION - LIBEL
(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)

163.  Defendants repeat and reincorporate its responses to paragraph 1 through 162 of the Complaint as if set forth at length herein.

164.  Defendants deny the allegations set forth in paragraph 164 of the Complaint.

165.  Defendants deny the allegations set forth in paragraph 165 of the Complaint.

166.  Defendants deny the allegations set forth in paragraph 166 of the Complaint.

167.  Paragraph 167 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## SIXTEENTH COUNT
### FALSE LIGHT INVASION OF PRIVACY
(Against P.O. Halat, P.O. Maloney, P.O. Kostick, Detective Long, Detective Ganley, Chief Rodger, Lt. Sabba, Captain Simonetti and John Does 3 through 10)

168.  Defendants repeat and reincorporate its responses to paragraph 1 through 167 of the Complaint as if set forth at length herein.

169.  Defendants deny the allegations set forth in paragraph 169 of the Complaint.

170.  Defendants deny the allegations set forth in paragraph 170 of the Complaint.

171.  Defendants deny the allegations set forth in paragraph 171 of the Complaint.

172.  Paragraph 172 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## SEVENTEENTH COUNT
### RESPONDEAT SUPERIOR LIABILITY
(Against City of Rahway and Rahway Police Department)

173.  Defendants repeat and reincorporate its responses to paragraph 1 through 172 of the Complaint as if set forth at length herein.

174.  Defendants admit that Defendants Chief Rodger, P.O. Halat, P.O. Maloney, Sgt. Kostick, Lt. Long, Det. Ganley, Lt. Sabba, and Captain Simonetti were employees of Rahway and members of the

Rahway Police Department on December 28, 2014. Defendants deny the balance of the allegations set forth in Paragraph 174 of the Complaint.

175.  Defendants admit that Defendants Chief Rodger, P.O. Halat, P.O. Maloney, Sgt. Kostick, Lt. Long, Det. Ganley, Lt. Sabba, and Captain Simonetti were employees of Rahway and members of the Rahway Police Department on December 28, 2014. Defendants deny the balance of the allegations set forth in Paragraph 175 of the Complaint.

176.  Paragraph 176 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## EIGHTEENTH COUNT
### COMMON-LAW CONSPIRACY
(Against All Defendants)

177.  Defendants repeat and reincorporate its responses to paragraph 1 through 176 of the Complaint as if set forth at length herein.

178.  Defendants deny the allegations set forth in Paragraph 178 of the Complaint.

179.  Defendants deny the allegations set forth in Paragraph 179 of the Complaint.

180.  Paragraph 180 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

181.  Paragraph 181 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## NINETEENTH COUNT
### BREACH OF THE DUTY TO DEFEND
(Against the City of Rahway)

182.  Defendants repeat and reincorporate its responses to paragraph 1 through 181 of the Complaint as if set forth at length herein.

183.  Defendants deny the allegations set forth in paragraph 183 of the Complaint. To the extent paragraph 176 references a document, the document speaks for itself.

184. Paragraph 184 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

185. Defendants deny the allegations set forth in Paragraph 185 of the Complaint.

186. Defendants deny the allegations set forth in Paragraph 186 of the Complaint.

187. Defendants deny the allegations set forth in Paragraph 187 of the Complaint.

188. Defendants deny the allegations set forth in Paragraph 188 of the Complaint.

189. Paragraph 189 of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny the allegations in this paragraph.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants respectfully seek an order and judgment as follows:

(a)    dismissing Plaintiff's Complaint with prejudice;

(b)    awarding Defendants costs and attorney's fees in defending this action; and

(c)    such other and further relief as is just and equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by the lack of subject matter jurisdiction.

3. Plaintiff's Complaint is barred by the lack of personal jurisdiction.

4. Any acts on the part of Defendants were not the proximate cause of any damages that may have been sustained by Plaintiff and violated no duty to Plaintiff.

5. Defendants acted all times in good faith and without any fraud or malice.

6. Plaintiff's claims are barred by acts within his sole control and responsibility.

7. The relief sought by Plaintiff is barred by the doctrines of res judicata, collateral estoppel and issue preclusion.

8. The relief sought by Plaintiff is barred due to lack of privity between Plaintiff and Defendants.

9. The relief sought by Plaintiff is barred by the applicable statutes of limitation.

10. The relief sought by Plaintiff is barred by Plaintiff's own unclean hands.

11. The relief sought by Plaintiff is barred by the doctrine of avoidable consequences.

12. The relief sought by Plaintiff is barred by the doctrine of *in pari delicto*.

13. The relief sought by Plaintiff is barred by the statute of frauds.

14. The relief sought by Plaintiff is barred because all issues raised in this action are subject to an arbitration clause.

15. Plaintiff's recovery is barred because any damages incurred were a result of superseding or intervening actions of third parties.

16. The damages alleged in Plaintiff's Complaint are excessive and unreasonable.

17. Plaintiff's recovery is barred, because probable cause existed for his arrest.

18. Defendants plead each and every defense, limitation, or immunity provided to them under the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1 et seq.

19. Plaintiff's claim for punitive damages is barred by the New Jersey Tort Claims Act, N.J.S.A. § 59:9-2.

20. Defendants are entitled to absolute and qualified immunity under 42 U.S.C. § 1983 and the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1 et seq.

21. Plaintiff's recovery is barred for failure to provide adequate notice to Defendants of his claim as required under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 § et seq.

22. The relief sought by Plaintiff is barred by the collateral source rule.

23. The relief sought by Plaintiff is barred by Plaintiff's own fraud.

24. The relief sought by Plaintiff is barred by the doctrine of comparative negligence.

25. The relief sought by Plaintiff is barred by the doctrine of accord and satisfaction.

26. The relief sought by Plaintiff is barred by the doctrine of illegality.

27. The relief sought by Plaintiff is barred by public policy.

28. The relief sought by Plaintiff is barred by his failure to mitigate damages.

29. The relief sought by Plaintiff is barred by the doctrine of laches.

30. The relief sought by Plaintiff is barred by the doctrine of waiver.

31. The relief sought by Plaintiff is barred by the entire controversy doctrine.

32. The relief sought by Plaintiff is barred by duress.

33. The relief sought by Plaintiff is barred by the doctrine of release.

34. Plaintiff's claims are barred by contributory negligence.

35. Plaintiff's claims are barred by the doctrine of payment.

36. Plaintiff's claims are barred by the doctrine of mistake.

37. Plaintiff's claims are barred due to unconscionability.

38. Plaintiff lacks standing to bring its claims.

39. Plaintiff's claims are barred by the parol evidence rule.

40. Plaintiff has not suffered any damages.

41. Defendants reserve all rights related to their ability to assert additional affirmative defenses based on jurisdictional issues.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend its answer to assert any such defenses. The assertion of the above defenses by the Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiffs may have in connection with the claims asserted in the Complaint.

Defendants further reserve the right, at or before trial, to move to dismiss the Complaint and/or for Summary Judgment, on the ground that the Complaint fails to state a claim upon which relief can be granted and/or Defendants are entitled to judgment as a matter of law, based on any and all of the above defenses.

## DEMAND FOR STATEMENT OF DAMAGES

Defendants demand that Plaintiff furnish a written statement of the amount of damages claimed in this action pursuant to L. Civ. R. 81 within ten (10) days hereof.

### JURY DEMAND PURSUANT TO F.R.C.P. 38 AND L.CIV.R. 38.1

In accordance with *F.R.C.P.* 38 and L.Civ.R. 38.1, Defendants, through their attorneys, hereby demand a jury trial on all issues in this action.

### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify under penalty of perjury that, to the best of my knowledge, this matter is not the subject of any other action pending in any court, or the subject matter of any arbitration or administrative proceeding.

### CERTIFICATION PURSUANT TO F.R.C.P. 15(a)(2)

I hereby certify under penalty of perjury that this pleading is filed timely pursuant to F.R.C.P. 15(a)(2).

### CERTIFICATION OF SERVICE

I hereby certify that a copy of this Answer to Complaint was served on August 18, 2016 upon Kevin H. Marino, Esq. and John A. Boyle, Esq., Marino, Tortorella & Boyle, P.C., 437 Southern Boulevard, Chatham, New Jersey, 07928-1499, Attorneys for Plaintiff Thomas Lewis, via ECF, E-Mail and Certified Mail/Return Receipt Requested.

**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
*Attorneys for Defendants,*
*City of Rahway, Rahway Police Department, John Rodger, Justyna Halat, Scott Maloney, Joseph Kostick, Richard Long, Shawn Ganley, Joseph Simonetti, and Charles Sabba*

Dated: August 18, 2016      By:   /s/ Richard D. Trenk
                                       RICHARD D. TRENK

4830-3515-2950, v. 1